IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN WARREN LYNCH,

       Petitioner,                  No. 1:07-CV-00785 ALA HC

   vs.

RICHARD SUBIA, Warden,          <u>ORDER</u>

       Respondent.

_____/

    John Warren Lynch, a state prisoner, filed an application for habeas corpus relief pursuant to § 2254(a) on May 29, 2007.  Petitioner was convicted in the Tulare County Superior Court of five counts of lewd and lascivious conduct with a child under the age of fourteen.  He was sentenced to an indeterminate state prison sentence of fifteen years to life on count two, and concurrent sentences on the remaining counts.  Petitioner contends that the state trial court violated his federal constitutional rights in its evidentiary rulings and its sentencing decision.

    Respondent, Rich Subia, the Warden of Mule Creek State Prison, filed a motion to dismiss Petitioner's application on August 15, 2007.  Respondent maintains that it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  In his response in opposition to the motion to dismiss, Petitioner maintains that the one-year statute of limitations was statutorily tolled by properly filed state post-conviction petitions.  He also contends that his

application was timely because he is entitled to equitable tolling of the limitations statute.  As explained below, the Court concludes that Petitioner's application must be dismissed because it is time barred.

**I**

**A**

On May 8, 2002, Petitioner was convicted of five counts of lewd and lascivious conduct with a child under the age of fourteen.  The state trial court found that the special allegation was that the sexual conduct was substantial and that there was more than one victim.  He was sentenced to a prison term of fifteen years to life on count two and concurrent fifteen years to life terms for the remaining counts.  Petitioner filed a direct appeal from the trial court's judgment with the California Court of Appeal for the Fifth Appellate District.  That Court affirmed the judgment on August 14, 2003.  The California Supreme Court denied review on October 29, 2003.

**II**

**A**

Petitioner filed a petition for a writ of habeas corpus in the Tulare County Superior Court on January 11, 2005.  That court denied the petition on January 13, 2005.

**B**

On March 30, 2005, Petitioner filed an original petition for habeas corpus relief in the California Court of Appeal.  The petition was denied on August 25, 2005.

**C**

Petitioner filed a successive petition for a writ of habeas corpus in the California Court of Appeal on October 18, 2005.  It was denied on July 28, 2006.

**D**

On November 14, 2006, Petitioner filed a petition for habeas corpus relief in the California Supreme Court.  The California Supreme Court denied the petition on May 23, 2007.

### III

### A

Petitioner filed the pending application for habeas corpus relief pursuant to § 2254(a) on May 29, 2007.  Respondent filed a motion to dismiss on August 15, 2007.  Respondent alleges that the application was filed beyond the one-year statute of limitations set forth in § 2244(d). Petitioner filed an opposition to the motion to dismiss.  He asserts that the state petitions were properly filed within a reasonable time and therefore the application for habeas corpus relief filed in the district court was timely in light of the tolling provisions set forth in § 2244(d).

### B

Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, 28 U.S.C. § 2244(d).  AEDPA applies to applications for a writ of habeas corpus relief filed after the effective date of that statute.  28 U.S.C. § 2254(a).  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1498 (9th Cir. 1997). (en banc).  Because Petitioner's application for federal habeas corpus relief was filed after that date, the time limitations set forth in AEDPA apply in this matter.

### C

The limitation provisions of AEDPA that apply here read as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.

> The limitation period shall run from the latest of – the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .

28 U.S.C. § 2244(d)(1)(A).

Section 2244(d)(1) sets forth a tolling provision of the one-year statute of limitations quoted above in the following words:  "The time during which a properly filed application for state post-conviction or other collateral review with respect for the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

1   28 U.S.C. § 2244(d)(2).  "[A]n application is 'properly' filed when its delivery and acceptance

2   are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531

3   U.S. 7, 8 (2000).

4                                                            **IV**

5                                                            **A**

6         In this matter, Petitioner filed several applications for state post-conviction review.

7   Accordingly, this Court must engage in a mathematical computation to determine whether the

8   one-year limitation was complied with, after excluding the time that elapsed in presenting

9   Petitioner's *properly* filed post-conviction petitions in state courts.

10                                                           **B**

11        The Tulare County Superior Court found that the Petitioner's first petition for state

12  habeas corpus relief was untimely.  In dismissing the petition, the state trial court cited *In re*

13  *Robbins,* 18 Cal. 4th 770, 780-791 (1998), and *In re Clark,* 5 Cal. 4th 750, 797-798 (1993).  The

14  United States Supreme Court stated in *Carey v. Saffold*, 536 U.S. 214 (2002), "[w]hen a post-

15  conviction petition is untimely filed under state law, 'that [is] the end of the matter' for purposes

16  of § 2244(b)(2)."  *Id.* at 226.  Because the petition filed in the Tulare County Superior Court was

17  not properly filed, the running of the one-year statute of limitations was not tolled.[1]

18                                                           **C**

19        The California Court of Appeal for the Fifth Appellate District denied Petitioner's second

20  habeas corpus petition on August 25, 2005 without comment.  Accordingly, we "must look"

21

22        [1] Petitioner contends that the timeliness standards for the filing of a state petition for
    habeas corpus relief set forth in *Clark* and *Robbins* apply only in capital cases.  He has failed to
23  cite any authority that supports this argument.  In fact, every district court that has addressed the
    timeliness of the filing by a state prisoner of a state habeas corpus in a noncapital case has held
24  that a petition denied by a state court which cited *Robbins* and *Clark* was not properly filed.  A
    list of these district court orders is set forth on page 4 of Respondent's reply to Petitioner's
25  opposition to the motions to dismiss.  This Court is persuaded that a federal district court is
    bound by a state court's determination that a state petition was untimely "as the end of the
26  matter" pursuant to *Saffold*, 536 U.S. at 226.

1  through the Court of Appeal's denial to the last reasoned decision by a state court. *Ylst v.*
2  *Nunnemaker*, 501 U.S. 797, 803 (1991).  Because the Tulare County Superior Court denied the
3  petition filed in its court as untimely, the statute of limitations was not tolled by the filing of the
4  second petition on the California Court of Appeal.

5        Petitioner filed his third petition for habeas corpus relief in the same court in which he
6  filed his second petition.  The statute of limitations is tolled for the exhaustion of state court
7  post-conviction remedies during intervals between a disposition of a petition in a lower court and
8  the filing of a subsequent petition for relief at the next state appellate level. *Nino v. Galaza*, 183
9  F.3d 1003, 1006-07 (9th Cir. 1999).   Because his second and third petitions for habeas corpus
10  relief were filed in the California Court of Appeal, Petitioner does not qualify for interval tolling
11  for the fifty-five days that elapsed between the denial of his second petition for habeas corpus
12  relief and the third one filed in the same court.

13        Thus, the statute of limitations was not statutorily tolled prior to the filing of his fourth
14  original petition for habeas corpus on November 14, 2006 in the California Supreme Court.
15  Because the one-year statute of limitations expired on January 27, 2004, Petitioner's application
16  for habeas corpus relief was untimely pursuant to § 2244(d)(1)(A).

17                          **Conclusion**

18        Good cause appearing therefore, it is HEREBY ORDERED that Petitioner's application for
19  a writ of habeas corpus must be DISMISSED because it was untimely filed.

20  /////

21  DATED: March 10, 2008

22

23                    /s/ Arthur L. Alarcón
                  UNITED STATES CIRCUIT JUDGE
                  Sitting by Designation

24

25

26